UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARIO GONZALEZ-LIZOLA,<br><br>Defendant. | No. 2:07-CR-00328-MCE<br><br><br><br>**ORDER** |

Defendant Mario Gonzalez-Lizola ("Defendant") was convicted of Possession of Firearms and Brandishing of a Firearm in Furtherance of Drug Trafficking Crimes in violation of 18 U.S.C. § 924(c)(1)(A)(i) and (ii) and Unlawful Use of a Communication Facility to Facilitate a Felony Drug Offense, Aiding and Abetting, in violation of 21 U.S.C. § 843(b) and 18 U.S.C § 2.  He was sentenced on November 6, 2009, to consecutive prison sentences of 48 months on the use of a communication facility charge and 84 months on the firearm charge, for a total of 132 months of imprisonment.  Presently before the Court is Defendant's Motion to Reduce Sentence, by which he seeks a reduction on the communication facility charge only.  ECF No. 55.[1]  The Government opposes Defendant's motion, arguing that Defendant is ineligible for relief because his sentence was based on his Rule 11(c)(1)(C) plea agreement as opposed to the

---

[1] Unlike most Defendant's seeking sentence reductions, Defendant is represented by counsel.

1

sentencing guidelines and because, even if he is eligible, the Court should exercise its discretion to decline to reduce the sentence in this case.  ECF No. 58.  For the following reasons, Defendant's Motion is GRANTED.

Defendant seeks to reduce his sentence in light of the United States Sentencing Commission's passage of Amendment 782.  Generally, Amendment 782 revised downward by two levels the Drug Quantity Table in U.S.S.G. § 2D1.1.  Although Amendment 782 became effective November 1, 2014, it applies retroactively.  See U.S.S.G. § 1B1.10(d), (e)(1).

"When the Commission makes a Guidelines amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision."  Dillon v. United States, 560 U.S. 817, 821 (2010).  "Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission."  Id.  "The relevant policy statement, USSG § 1B1.10, instructs courts proceeding under § 3582(c)(2) to substitute the amended Guidelines range while 'leav[ing] all other guideline application decisions unaffected.'"  Id. (quoting U.S.S.G. § 1B1.10(b)(1)).  Under § 3582(c)(2), a court may then grant a reduction within the amended Guidelines range if it determines that one is warranted "'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'"  Id. at 822.  "Except in limited circumstances, however, § 1B1.10(b)(2)(A) forecloses a court acting under § 3582(c)(2) from reducing a sentence 'to a term that is less than the minimum of the amended guideline range.'"[2]  Id.  In addition, "a reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the] amendment . . . does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(B).

Until recently, defendants who had pled guilty pursuant to Rule 11(c)(1)(C) were

---

[2] Those limited circumstances, which are not applicable here, arise when "the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities."  U.S.S.G. § 1B1.10(b)(2)(B).

1  largely ineligible for sentence reductions.  This was because "[w]hen the Commission
2  makes a Guidelines amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes a district
3  court to reduce an otherwise final sentence that is based on the amended provision."
4  Dillon, 560 U.S. at 821 (emphasis added).  Rule 11(c)(1)(C) sentences, however, were
5  thought to be based on the plea agreement itself, not the guidelines.  See United States
6  v. Austin, 676 F.3d 924, 930 (9th Cir. 2012).  Indeed, in Austin, this Court held that "'the
7  mere fact that the parties . . . may have considered the Guidelines in the course of their
8  negotiations does not empower the court under § 3582(c)(2) to reduce the term of
9  imprisonment they ultimately agreed upon.'"  Id. at 928 (quoting Freeman v. United
10 States, 564 U.S. 522, 534-37 (2011) (Sotomayor, J., concurring)).  The Austin panel
11 identified narrow exceptions to this general rule, namely when the agreement "call[ed] for
12 the defendant to be sentenced within a particular Guidelines sentencing range" or
13 "ma[de] clear that the basis for the specified term [was] a Guidelines sentencing range
14 applicable to the offense to which the defendant pleaded guilty."  See id. at 928 (quoting
15 Freeman, 564 U.S. at 538-39 (Sotomayor, J., concurring)).

16    An en banc panel of the Ninth Circuit turned that analysis on its head, however,
17 when it overruled Austin in United State v. Davis, 825 F.3d 1014 (9th Cir. 2016), and
18 held that "'[e]ven when a defendant enters into an 11(c)(1)(C)agreement, the judge's
19 decision to accept the plea and impose the recommended sentence is likely to be based
20 on the Guidelines; and when it is, the defendant should be eligible to seek § 3582(c)(2)
21 relief.'"  Id. at 1026 (quoting Freeman, 564 U.S. at 534).  The Davis court explained that
22 the pertinent inquiry is whether the sentencing judge's decision was based on the
23 guidelines as opposed to solely whether the parties manifested such an intent in the
24 agreement itself.  The panel reasoned that: (1) "[f]ederal sentencing law requires the
25 district judge to impose sentences that comply with the purposes of federal sentencing,
26 in light of the Guidelines and other § 3553(a) factors"; (2) "[a]lthough the Rule permits
27 the defendant and the prosecutor to agree on a specific sentence, it preserves the
28 district court's independent obligation to exercise its discretion and review the proposed

3

sentence"; and (3) the Guidelines policy statements that apply to Rule 11(c)(1)(C) plea agreements and § 3582(c)(2) motions support [its] approach." Id. at 1026-27 (internal citations and quotation marks omitted).

The sentence imposed in this case was based on the subsequently-amended guidelines. First, the plea agreement itself acknowledges that this Court is obligated to consult the Federal Sentencing Guidelines prior to imposing a term of imprisonment. ECF No. 48 at 6-7. Second, the Court adopted the calculations in the Presentence Report ("PSR") without change, thus finding that Defendant's total offense level was 25 and his criminal history category I, resulting in a guideline range of 57-71 months on the communication facility charge. However, because that count was subject to a 48-month statutory maximum sentence, the guideline sentence became 48 months, which the Court imposed. Given all of this, Defendant's sentence was based on more than just an agreement with the Government; it was also based on the guidelines, which have since been amended.[3]

The Government disagrees, arguing that:

> This defendant's case does not fit squarely within the vague guidance provided by Davis, but the United States believes a fair reading of Davis is ambiguous about whether this defendant is precluded from receiving a sentence reduction. The carefully-negotiated plea agreement provided benefits to both parties and finality should result when the Court accepts a Rule 11(c)(1)(C) agreement.

ECF No. 58 at 5. The Court understands the Government's position, but it is antithetical to the rationale employed in Davis. The Ninth Circuit has explicitly rejected a rule of uniform finality for 11(c)(1)(C) agreements when the sentences themselves are based on the guidelines. Because that is the case here, Defendant is eligible for a reduction.

Eligibility does not end the inquiry, however, and the Government contends the Court should exercise its discretion to decline to modify Defendant's sentence. Id. According to the Government, "[t]he defendant's sentence reflects the serious nature of brandishing a loaded rifle at two Tehama County Sheriff's deputies in connection with an

---

[3] The amended guideline range is 46-57 months.

1  ongoing marijuana cultivation operation." Id. at 5-6.

2       Again, the Court understands the Government's position, but nonetheless finds that a reduction is warranted.  The parties were aware of all of the above factors when they agreed to what was essentially a below-guideline sentence in the 11(c)(1)(C) agreement.  Nothing in the record suggests that, had the amended guidelines been in place at the time, the parties would not still have fashioned the stipulated sentence based on the low-end of the modified range.  Accordingly, Defendant's Motion (ECF No. 55) is thus GRANTED.  His sentence on Count 1 of the Information shall be reduced to 46 months and shall run consecutively to the sentence imposed on Count 3.  See United States v. Leniear, 574 F.3d 668, 674 (9th Cir. 2009).

      IT IS SO ORDERED.

Dated: March 9, 2017

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE